USAO# 2020R00156/JFI/SFM

RECEIVED

JUNE 23, 2021

At: 8:30_____.m

WILLIAM T. WALSH

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. FREDA L. WOLFSON |
| v. | : | Crim. No. 21- 489-01 |
| PETER ALVAREZ | : | 26 U.S.C. § 7201 |

### INFORMATION

The defendant having waived in open court prosecution by Indictment, the Acting United States Attorney for the District of New Jersey charges:

### COUNT 1

**(Employment Tax Evasion)**

1. During the time period relevant to Count 1 of the Information:

   A. Defendant PETER ALVAREZ ("defendant ALVAREZ") was a resident of Leonardo, New Jersey. Defendant ALVAREZ was the owner and operator of Mr. Demo, a construction and demolition business based in Leonardo, New Jersey.

   B. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States and collecting the taxes that were due and owing to the Treasury of the United States by its citizens and businesses.

   C. Federal income tax withholding ("withholding taxes") and Federal Insurance Contribution Act taxes ("FICA taxes"), as more particularly described below, constituted employment taxes ("employment taxes"):

   a. Withholding Taxes: In general, an employer had to deduct and withhold income tax on the amount of wages that actually or constructively were paid to its employees, and pay over those withholding taxes to the IRS.

b. FICA Taxes: FICA taxes were comprised of two elements: old age, survivor and disability insurance, which was commonly referred to as "Social Security," and health insurance, which was commonly referred to as "Medicare." Social Security taxes were used to fund retirement and disability benefits, while Medicare taxes were used to provide health and medical benefits for the aged and disabled. An employer had to deduct FICA taxes on the amount of wages that actually or constructively were paid to its employees, and pay over those FICA taxes to the IRS. The employee portion of FICA taxes, along with federal withholding taxes, were collectively referred to by the IRS as the "Trust Fund Taxes."

D. The IRS required that an employer report employment taxes on an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"). The Form 941 was filed quarterly and was due one month after the conclusion of each quarter. An employer had to pay over employment taxes to the IRS, in full, by the due date of the Form 941.

E. Section 7501 of the Internal Revenue Code provided that whenever any person was required to withhold or collect any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so withheld or collected was to be held in trust on behalf of the United States.

Background Regarding Defendant Alvarez's Pattern of Willful Evasion of Employment Taxes

2. From in or about 2011 to in or about 2016, as the owner and operator of Mr. Demo, defendant ALVAREZ was required to report to the IRS the Trust Fund Taxes for all Mr. Demo's employees by filing Forms 941. Defendant ALVAREZ also was required to pay to the IRS the Trust Fund Taxes for Mr. Demo's employees on a quarterly basis.

3. From in or about 2011 to in or about 2016, at a licensed check cashing service in New Jersey, defendant ALVAREZ cashed numerous checks issued by Mr. Demo's clients to generate a substantial amount of cash that defendant ALVAREZ used, in part, to pay the wages of Mr. Demo's employees. Defendant ALVAREZ engaged in this check cashing activity and paid Mr. Demo's employees in cash to conceal his payment of wages to those employees and his failure

to report, account for, and pay over employment taxes to the IRS. It was part of this activity that, from on or about January 1, 2016 to on or about March 31, 2016, defendant ALVAREZ cashed numerous checks totaling a substantial dollar amount at a licensed check cashing service in New Jersey to, among other things, pay Mr. Demo's employees in cash to evade recording and payment of employment taxes.

4. For the quarterly periods of each of the calendar years from in or about 2011 to in or about 2016, to include the quarterly period beginning on or about January 1, 2016 and ending on or about March 31, 2016, defendant ALVAREZ failed to file Forms 941 for Mr. Demo, and made no payments to the IRS of the Trust Fund Taxes, amassing a substantial employment tax liability for himself as the owner and operator of Mr. Demo.

5. On or about April 30, 2016, in the District of New Jersey and elsewhere, defendant

PETER ALVAREZ

willfully did attempt to evade and defeat a substantial part of the employment taxes of approximately $23,618.00 due and owing by him, as the owner and operator of Mr. Demo, to the United States for the quarterly period beginning on or about January 1, 2016 and ending on or about March 31, 2016, by failing to file a Form 941 for such tax quarter, as required by law, and by engaging in the affirmative acts of tax evasion described in Paragraph 3 of Count 1 above.

In violation of Title 26, United States Code, Section 7201.

## COUNT 2

### (Personal Income Tax Evasion)

1. Paragraphs 1A, 1B, and 3 of Count 1 of the Information are realleged and incorporated by reference as though fully set forth in this Count.

2. From on or about August 1, 2012 to on or about October 23, 2017, defendant ALVAREZ filed IRS Forms 1040 Individual Income Tax Return ("Form 1040") for the calendar years 2011 to 2016 in which he falsely and substantially understated Mr. Demo's total gross receipts by not reporting numerous checks issued by Mr. Demo's clients, which defendant ALVAREZ cashed at a licensed check cashing service in New Jersey.

3. For the calendar years 2011 to 2016, defendant ALVAREZ had a substantial additional income tax due and owing on the unreported gross receipts for Mr. Demo less allowable payroll expenses.

4. On or about September 10, 2014, in the District of New Jersey and elsewhere, defendant

PETER ALVAREZ

willfully did attempt to evade and defeat additional income tax due and owing to the United States of approximately $89,190 in that he signed and caused to be filed a false and fraudulent Form 1040 for calendar year 2013, knowing it to be false and fraudulent as described in Paragraphs 2 and 3 of Count 2 above.

In violation of Title 26, United States Code, Section 7201.

_Rachael A. Honig_
RACHAEL A. HONIG
ACTING UNITED STATES ATTORNEY

4

CASE NUMBER: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

PETER ALVAREZ

## INFORMATION FOR

26 U.S.C. § 7201

RACHAEL A. HONIG
ACTING UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

J FORTIER IMBERT
SARA F. MERIN
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
973-645-2890 AND 973-645-2738